UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY ANNE PARKES,

Plaintiff,

-against-

LATCH, INC. DBA DOOR.COM,

Defendant.

1:25-CV-9253 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Tiffany Anne Parkes, of New York, New York, who is appearing *pro se*, brings this action invoking the court's diversity jurisdiction. She sues Latch, Inc. (doing business as "Door.com"), which, she alleges, is incorporated in Delaware with its principal place of business in St. Louis, Missouri. Plaintiff seeks $150,000 in damages. She asserts claims under state law, including claims under the New York Uniform Commercial Code, the Constitution of the State of New York, and the New York General Obligations Law, as well as claims under Article 17 of the International Covenant on Civil and Political Rights ("ICCPR") and claims of violations of her rights under the Fourth Amendment of the Constitution of the United States of America. Accordingly, the Court understands Plaintiff's complaint as invoking both the court's federal-question jurisdiction and diversity jurisdiction.

By order dated November 7, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

On January 3, 2025, Plaintiff, appearing *pro se*, filed a civil action in this court against Defendant known as *Parkes v. Latch, Inc.*, 1:25-CV-0075 (JLR) (KHP) ("*Parkes I*"). In *Parkes I*, Plaintiff asserted claims against Defendant arising from allegations that, among other things, "three SIM cards were stolen from electronic devices she kept in her apartment in 2023," and that Defendant is "the manufacturer of the keyless entry system that secures the doors in her apartment building"; she asserted claims of "breach of the implied warranty of merchantability, . . . [claims of] a violation of her right to be secure against unreasonable searches and seizures," and claims arising from "the theory of strict liability." *Parkes v. Latch, Inc.*, 810 F. Supp. 3d 405, 409 (S.D.N.Y. 2025) (Rochon, D.J.).

In an opinion and order dated October 21, 2025, District Judge Jennifer L. Rochon of this court granted Defendant's motion for dismiss for failure to state a claim on which relief may be granted, brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 409-21. Specifically, Judge Rochon dismissed, for failure to state a claim, Plaintiff's claims in her *Parkes I* amended complaint of: (1) breach of the implied warranty of merchantability under the New York Uniform Commercial Code; (2) strict liability under New York law arising from (i) a manufacturing defect, (ii) a failure to warn, and (iii) a design defect; (3) violations of the Constitution of the State of New York; and (4) violations of the Constitution of the United States of America (construed as brought under 42 U.S.C. § 1983). *See id.* A judgment dismissing *Parkes I*, for the reasons set forth in that October 21, 2025 opinion and order, was entered by the Clerk of Court on October 22, 2025.

Thirteen days later, on November 4, 2025, Plaintiff filed the present action, in which she asserts the same and similar claims as those claims raised in her *Parkes I* amended complaint.

## DISCUSSION

### A. Claims of violations of the ICCPR

The Court must dismiss Plaintiff's claims under the ICCPR because "the provisions of the ICCPR do not create a private right of action or separate form of relief enforceable in United States courts." *Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 137 (2d Cir. 2005). The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims of violations of the Federal Constitution

The Court understands Plaintiff's claims of violations of the Federal Constitution as brought under 42 U.S.C. § 1983. The Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's Section 1983 claims against Defendant for the same reason that Judge Rochon dismissed Plaintiff's Section 1983 claims against Defendant in *Parkes I*—because Plaintiff alleges nothing suggesting that Defendant was acting under color of state law (was a "state actor") when it allegedly violated Plaintiff's federal constitutional rights. *See* § 1915(e)(2)(ii); *Parkes*, 810 F. Supp. 3d at 420-21.

The Court also dismisses Plaintiff's Section 1983 claims against Defendant, for failure to state a claim, under the federal-law doctrine of claim preclusion, also known as *res judicata*.[1] *See* § 1915(e)(2)(B)(ii); *Lucky Brand Dungarees, Inc. v. Marcell Fashions Grp, Inc.*, 590 U.S. 405, 412 (2020) ("[C]laim preclusion (sometimes itself called res judicata) . . . prevents parties from raising issues that [were or] could have been raised and decided in a prior action—even if they

[1] Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise that defense, *see, e.g.*, *Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023). A dismissal on this ground is for failure to state a claim. *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002).

were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." (internal quotation marks and citation omitted)); *see also Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has [federal-law claim preclusion] effects.'" (citation omitted)).

**C. Claims under state law**

The Court understands Plaintiff's complaint as asserting claims under New York law, under the court's diversity jurisdiction. Accordingly, with respect to those claims, this Court acts as a New York State court interpreting New York law. *City of Johnstown, N.Y. v. Bankers Standard Ins. Co*, 877 F.2d 1146, 1153 (2d Cir. 1989) ("Our role as a federal court sitting in diversity is to construe and apply state law as we believe the state's highest court would . . . .").

The Court dismisses Plaintiff's claims under New York law under New York's doctrine of claim preclusion, also known as *res judicata*. *See Affinity Elmwood Gateway Props. LLC v. Stark Truss Co., Inc.*, No. 26-142, 2026 WL 28191865, at *2 (2d Cir. Sept. 21, 2026) (summary order) ("In diversity cases, we apply the preclusion law that would be applied by state courts in the State in which the federal court sits (unless the state preclusion law is incompatible with federal interests)." (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001))). "Under New York law, to establish claim preclusion, a party must show: (1) a final judgment on the merits, (2) between the same parties, (3) involving claims arising out of the same transaction or series of transactions." *Id.* (citing *In re Hunter*, 4 N.Y.3d 260, 269 (2005)). Thus, "[u]nder . . . New York law . . . , the doctrine of *res judicata,* or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from

relitigating issues that were or could have been raised in that action.'" *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (citation omitted). While,

> under New York law, dismissals for failure to state a claim are presumptively not on the merits, New York courts have explained that such dismissals are considered on the merits if: (1) a court intended . . . to bring the action to a final conclusion against the plaintiff; or (2) if the new complaint fails to correct the defect or supply the omission determined to exist in the earlier complaint.

*Isaly v. Boston Globe Media Partners, LLC*, No. 23-67-cv, 2023 WL 6439901, at *2 (2d Cir. 2023) (internal quotation marks and citations omitted).

Here, it is at least clear that Judge Rochon intended to bring a final conclusion against Plaintiff in *Parkes I*, as she granted Defendant's motion to dismiss that action *in its entirety*, *see Parkes*, 2025 WL 2962647, at *10, and the court entered judgment dismissing that action (*Parkes I*, ECF 1:25-CV-0075, 41). In addition, to the extent that Plaintiff asserts similar, if not, the same allegations in this action as she raised in her *Parkes I* amended complaint, it would appear that this new action fails to correct the defects in her *Parkes I* amended complaint. Accordingly, the Court dismisses Plaintiff's claims under state law, under New York's doctrine of claim preclusion, for failure to state a claim on which relief may be granted.[2] *See* § 1915(e)(2)(B)(ii).

**D. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

[2] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Thus, as discussed above with respect to the federal-law doctrine of claim preclusion, although, under the Federal Rules of Civil Procedure, claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise that defense, *see, e.g.*, *Griffin*, 72 F.4th at 21.

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**E. Warning**

This action, which was filed 13 days after a judgment was entered in this court dismissing *Parkes I*, is the second non-meritorious action that Plaintiff has filed in this court arising from the allegations that were the basis of *Parkes I*. Accordingly, the Court finds that Plaintiff was or should have been aware of this action's lack of merit when she filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that, if she continues to file civil actions in this court, arising from the allegations that were the basis of *Parkes I*, the Court may issue an order barring her from filing any future civil action in this court, arising from such allegations, unless she is granted leave of the court to file such an action. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: November 18, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.